IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES THOMAS WESNER, JR. as Trustee of the Charles Wesner, Jr. Living Trust, <br><br> Plaintiff, <br><br> V. <br><br> MARK SOUTHALL, PRINCIPLE MANAGEMENT GROUP INC., ASSOCIATIONS INC. d/b/a ASSOCIA, ESTATES OF WINDSOR RIDGE HOMEOWNERS' ASSOCIATION INC., ASSOCIA CLIENT SHARED SERVICE CENTER INC. d/b/a CSSC, WHITTEN AND WHITTEN PLLC, ADAM T. WHITTEN, WYATT FRANCIS, BILLY RAY SMITH, ELIZABETH FALCON, MATTHEW BRYANT, LISA HILDINGER, SCOTT MARTIN, and SUSAN DENNEY, <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § § § | No. 3:22-cv-927-B |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendants Whitten & Whitten, PLLC ("Whitten Firm") and Adam Whitten ("Whitten") (collectively, "Whitten Defendants") have filed an Amended Motion for Judgment on the Pleadings, *see* Dkt. No. 72, under Federal Rule of Civil Procedure

12(c), which United States District Judge Jane J. Boyle has referred to the undersigned United States Magistrate Judge for hearing, if necessary, and findings, conclusions, and a recommendation under 28 U.S.C. § 636(b), *see* Dkt. No. 73.

Plaintiff Charles Thomas Wesner, Jr. has not filed a response, and his deadline to do so has passed. *See* Dkt. No. 74.

For the reasons explained below, the undersigned recommends that the Court grant Defendants Whitten & Whitten, PLLC and Adam T. Whitten's Amended Motion for Judgment on the Pleadings [Dkt. No. 72].

## Background

As Judge Boyle previously explained,

> [o]n April 26, 2022, Wesner sued current Defendants and now-dismissed Defendants Wyatt Francis, Susan Denney, Lisa Hildinger, and Scott Martin in this Court. Doc. 1, Compl. He alleged violations of the Federal Debt Collection Practices Act, the Texas Fair Debt Collection Act, and Texas Deceptive Trade Practices Act, breaches of fiduciary duty and contract, usury, intentional interference with contract, fraud, and a declaratory judgment. *Id.* Francis, Denney, Hildinger, and Martin were never served with process, and the Court dismissed the claims against them. Doc. 26, Order. The remaining Defendants filed motions to dismiss (Docs. 14, 17-19, 23). Wesner sought leave to amend, which the Court granted. Doc. 35, Order. Wesner filed his Amended Complaint (Doc. 38), which Defendants moved to dismiss (Docs. 40-44).

Dkt. No. 54 at 5.

The Court granted those motions in part but denied the motions as to Wesner's claims for

- Declaratory judgment against all Defendants;

- Violation of the TDCA against Defendant Estates of Windsor Ridge Homeowners' Association, Inc. ("Estates of Windsor Ridge");

- Breach of contract against Defendant Estates of Windsor Ridge;

- Tortious interference with contract against Defendants Estates of Windsor Ridge, Associations, Inc. ("Associa"), Associa Client Shared Service Center, Inc. ("CSSC"), Mark Southall, and Principal Management Group, Inc. ("PMG"); and

- Fraud and conspiracy to commit fraud against Defendants Southall and PMG.

*Id.* at 32. As to the dismissed claims, the Court dismissed the claims without prejudice "to give Wesner one final opportunity to amend his complaint" and ordered that, "[i[f Wesner wishes to amend his complaint, he must do so within THIRTY (30) days of this Order." *Id.*

Wesner then filed Plaintiff's Second Amended Complaint and Application for Declaratory and Injunctive Relief, *see* Dkt. No. 57, which only Whitten Defendants moved to dismiss, *see* Dkt. No. 63; *see also* Dkt. Nos. 58, 59, 60, 61, 62 (other defendants' answers).

The Court granted in part Whitten Defendants' motion to dismiss and dismissed with prejudice Wesner's claims against Whitten Defendants for violations of the Texas Fair Debt Collection Act, for Tortious Interference with Contract, and for Fraud and Conspiracy to Commit Fraud but did not dismiss Wesner's claims for

declaratory judgment and injunctive relief. *See* Dkt. Nos. 65, 68, & 69. The Court entered a Judgment as to Certain Claims, providing that "Plaintiff Charles Thomas Wesner, Jr.'s claims against Defendants Whitten & Whitten, PLLC and Adam T. Whitten for violations of the Texas Fair Debt Collection Act, for Tortious Interference with Contract, and for Fraud and Conspiracy to Commit Fraud are dismissed with prejudice." Dkt. No. 69 at 1.

Whitten Defendants then filed their Original Answer to Plaintiff's Second Amended Complaint, *see* Dkt. No. 70, and, a day later, filed their

In their Amended Motion for Judgment on the Pleadings, Whitten Defendants explain that their filing of their answer "closed the pleadings" and that, "[a]s a result of the Judgment as to Certain Claims (Doc. 69), Wesner has no remaining causes of Action, only a request for declarative and injunctive relief." Dkt. No. 72 at 3. Whitten Defendants argue that, "[b]ecause Wesner has not plead a plausible substantive claim, his declaratory judgment claim should be dismissed" and that "[s]imilarly, Wesner's claim for injunctive relief is not a cause of action" and, "[t]herefore, Wesner's pleading now states nothing and must be dismissed." *Id*. at 3-4.

## Legal Standards

Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a

judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (cleaned up). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See id.* at 313 n.8.

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id*.

But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (cleaned up)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a

complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

## Analysis

Whitten Defendants may file a Rule 12(c) motion for judgment on the pleadings now that they have answered the Second Amended Complaint. *See Mandujano v. City of Pharr, Tex.*, 786 F. App'x 434, 436 (5th Cir. 2019) (explaining that, "for purposes of [Rule] 12(c), the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed" (cleaned up)).

And, where the pleadings closed one day before Whitten Defendants filed their Rule 12(c) motion, and considering the nature of Whitten Defendants' arguments in the motion, the Court should consider the motion for judgment on the pleadings to be timely filed. *See generally U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275-76 (5th Cir. 2015).

At this point, Wesner is only proceeding against Whitten Defendants on requests for declaratory and injunctive relief. But, where the Court has now dismissed with prejudice all of Wesner's "underlying substantive claims" against Whitten Defendants, Wesner's "requests for declaratory and injunctive relief necessarily fail." *Thomas v. EMC Mortg. Corp.*, 499 F. App'x 337, 343 (5th Cir. 2012) (footnote omitted).

A request for "declaratory judgment is not itself a cause of action, and a claim for a declaratory judgment necessarily fails if there is no underlying cause of action." *Koncak v. Deutsche Bank Nat'l Tr. Co.*, No. 3:19-cv-71-B-BT, 2020 WL 5219558, at *5 (N.D. Tex. Aug. 17, 2020), *rep. & rec. adopted*, 2020 WL 5215128 (N.D. Tex. Sept. 1, 2020). Without "an independent cause of action against" Whitten Defendants, Wesner's "declaratory judgment action cannot stand alone." *Id.* The Federal "Declaratory Judgment Act[, 28 U.S.C. §§ 2201-2202,] is remedial only," *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170 (5th Cir. 1990), "and does not create an independent private right of action," *Harris Cnty. Tex. v. MERSCORP Inc.*, 791 F.3d 545, 553 (5th Cir. 2015). "In a declaratory judgment action, the parties litigate the underlying claim, and the declaratory judgment is merely a form of relief that the court may grant." *Val-Com Acquisitions Tr. v. CitiMortgage, Inc.*, 421 F. App'x 398, 400-01 (5th Cir. 2011).

"Accordingly, when a district court dismisses a plaintiff's [] claims for failure to state a claim and that plaintiff has no remaining claims, there are no other underlying claims for which the court can grant declaratory relief." *Lackie v. PHH Mortg. Corp.*, No. 3:17-cv-377-BT, 2018 WL 4409799, at *3 (N.D. Tex. Sept. 17, 2018).

And "a request for injunctive relief absent an underlying cause of action is fatally defective." *Thomas*, 499 F. App'x at 343 n.15. "Injunctive relief is an equitable remedy, not an independent cause of action," *Puente v. CitiMortgage, Inc.*, No. 3:11-cv-2509-N, 2012 WL 4335997, at *7 (N.D. Tex. Aug. 29, 2012) (cleaned up), and "must

be supported by an underlying cause of action," *Crook v. Galaviz*, 616 F. App'x 747, 753 (5th Cir. 2015).

Because Wesner's "request for injunctive relief [against Whitten Defendants] depends on the success of [his] other claims," the request should be dismissed, *Massey v. EMC Mortg. Corp.*, 546 F. App'x 477, 483 (5th Cir. 2013), where the Court has dismissed "all of [Wesner's] substantive claims" against Whitten Defendants, *Shastry v. U.S. Bank Nat'l Ass'n*, No. 3:16-cv-3335-G-BN, 2018 WL 4627132, at *14 (N.D. Tex. July 27, 2018), *rep. & rec. adopted*, 2018 WL 4090426 (N.D. Tex. Aug. 27, 2018).

## Recommendation

For the reasons explained above, the Court should grant Defendants Whitten & Whitten, PLLC and Adam T. Whitten's Amended Motion for Judgment on the Pleadings [Dkt. No. 72] and should render judgment on the pleadings in favor of Defendants Whitten & Whitten, PLLC and Adam T. Whitten on Plaintiff Charles Thomas Wesner, Jr.'s remaining claims of declaratory and injunctive relief and incorporate that ruling into a final judgment of dismissal with prejudice of all Wesner's claims against Defendants Whitten & Whitten, PLLC and Adam T. Whitten.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 22, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE